[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO REARGUE (#112A)
On April 6, 1992 this court dismissed the above administrative appeal for lack of subject matter jurisdiction, since the plaintiff failed to prove aggrievement, or any other basis of standing.
On April 10, 1992, the plaintiff filed the instant motion for reargument and rehearing. The matter was heard on April 27, 1992. The court granted the motion of the plaintiff, and now denies any relief.
The motion, as argued at the hearing, addresses two claimed errors or deficiencies in the court's decision, to wit:
a. the finding by the court that the plaintiff was denied party status;
b. the limitations in the court's finding as to the lack of specific and special interest in the subject matter.
As to the first ground, the plaintiff claims it was in fact granted party status in the proceedings before the commission.
The complaint states that in January 1991 the plaintiff applied to the defendant commission for a Certificate of Need (CON) for a rehabilitation hospital (Docket No. 91-906). In May 1991 the defendant, Central Connecticut Rehabilitation Hospital, et al. filed an application for a CON (Docket No 91-917) for a similar purpose. On August 1991, the commission consolidated both applications for hearing purposes.
Earlier in January 1991 in Docket No. 91-180 RRS the commission undertook to evaluate the need for rehabilitative services in Connecticut. The plaintiff filed for party status in such proceeding, which was denied.
The plaintiff argues that it was designated as a party in a joint public hearing on its application and that of the named defendant in the matter (Complaint, p. 12). The plaintiff offers nothing that such designation was anything more than that accorded an applicant seeking a privilege from the commission. See Sec. 4-166(A) C.G.S. Conn. State, Regs. 19a-160-29, 30 — i.e., designation as party in original notice. The plaintiff does not allege that it applied to be designated a party pursuant to Conn. State. Regs. 19a-16-33. Such section requires an applicant to submit documents as to why such designation shall be made. Compare Conn. State Regs. CT Page 4148 16-1-17 cited in Light Rigging Co. v. DPUC, 219 Conn. 168,177-178, n. 2; Section 4-183 (i) C.G.S.
Unlike the plaintiff in Light Rigging, there is nothing in the complaint or in the supporting documentation to support any allegations sufficient to support a claim of standing for the plaintiff. Light Rigging, pp. 177; 178.
As to the second ground, the plaintiff apparently argues that the court did not read all of the affidavits filed by the plaintiff in support of its memorandum of law. The plaintiff cites no authority whereby the court is required to denote in a memorandum of decision each document it has examined in reaching a decision. Suffice it to say, all supporting documentation was examined and none offers any support for the first prong of the test of aggrievement. Light Rigging, p. 173.
BURNS, J.